UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-51775

KAMMIKA N. LEWIS,  Chapter 13

        Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING FEE APPLICATION WITHOUT PREJUDICE**

This case is before the Court on a fee application filed by the Debtor's counsel on February 1, 2020, entitled "First Application For Compensation of Debtor's Counsel" (Docket # 43, the "Fee Application"). On February 26, 2020, the applicant filed a Certificate of No Response, indicating that no party had timely objected to the Fee Application. But the Court will deny the Fee Application, without prejudice, for the following reasons:

1. It is utterly unclear what amount of fees the Debtor's counsel is actually seeking, because the Fee Application; the proposed order granting the Fee Application; the 21-day notice of the Fee Application; and the proposed stipulation the Debtor's counsel mailed to the Debtor, each contain different requested fee amounts:

- Fee Application (Docket # 43)  $8,885.00 ($8,680 + 195.00)
- 21-Day Notice (Docket # 48)  $8,125.00
- Proposed Order (Docket # 44)  $8,900.00
- Proposed Stipulation (Docket # 46)  $2,750.00 (or $1,900.00)

And it appears, but is not entirely clear, that the Debtor's counsel may voluntarily reduce the total amount of fees she is seeking to $1,900.00, but for some unknown reason, only if the Debtor signs the stipulation that Debtor's counsel mailed to the Debtor. *See* Fee Application (Docket

# 43) at ¶ 12.A; Proposed Stipulation and attached letter (Docket # 46).

2. The Fee Application does not comply with E.D. Mich. LBR 2016-1(a)(3), which provides, in relevant part, that "in a chapter 13 case, a pre-confirmation or post-confirmation fee application that requests approval of fees and expenses totaling more than $3,500.00 in that application must specifically identify the circumstances of the case that make the amount requested reasonable." In this case, the Fee Application (apparently) seeks fee in excess of $8,000.00, which is extraordinarily high for a Chapter 13 case that was dismissed pre-confirmation after being pending for only 5 months. There are insufficient facts stated in the Fee Application to explain and demonstrate the reasonableness of such an extraordinarily high fee amount, which is a significant deviation from the usual and customary fees charged by counsel for Chapter 13 pre-confirmation services.

3. The 21-day notice of the Fee Application (Docket # 48) refers to there having been "previously approved fees," but no fees have been approved previously in this case.

4. The Fee Application does not comply with E.D. Mich. LBR 2016-1(a)(10) because it does not state that the Debtor "was given the opportunity to review the [fee] application at least seven days before" the applicant filed it,[1] and it appears from the unsigned proposed stipulation in the record at Docket # 46 that the Debtor has not consented to approval of the Fee Application.

5. It is unclear what the applicant means in paragraph 11 and the third sentence of paragraph 12.A of the Fee Application. Is the applicant seeking $1,900.00 and a signed consent form from the Debtor as payment in full for all of the applicant's services, plus the $25.00 in costs? Or is the applicant seeking $8,885.00 in fees (or some other amount) and $25.00 in costs,

---

[1] Rather, the Fee Application states (in ¶ 11) that notice of the application was mailed to the Debtor on January 28, 2020, which was only 4 days before the Fee Application was filed on February 1, 2020.

due to the fact that the Debtor has not signed the stipulation mailed to her?

Because of all of these defects, the Court will deny the Fee Application in its entirety, but without prejudice. Debtor's counsel may file a new fee application, but if she does so, the new application must be completely clear, must be internally consistent, and must comply with all applicable rules.

For these reasons,

IT IS ORDERED that the Fee Application (Docket # 43) is denied, without prejudice to the Debtor counsel's right to file a new fee application that fully complies with all applicable rules, which is free from all the problems described in this Order, and which is completely clear and internally consistent.

**Signed on March 3, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**